UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 05-12446-RGS

ANTHONY MARCHANT

v.

ROBERT MURPHY, et al.

MEMORANDUM AND ORDER ON
MOTION FOR SUMMARY JUDGMENT

February 9, 2010

STEARNS, D.J.

Anthony Marchant, who has been adjudicated a sexually dangerous person (SDP),
is a civilly-committed inmate at the Nemansket Correctional Center in Bridgewater,
Massachusetts (Center).  Marchant brought this action against officials of the Department
of Correction (DOC), objecting to his conditions of confinement, among them restrictions
on his right of free exercise of his Native American religion.  On September 11, 2009, the
court adopted Magistrate Judge Bowler's Recommendation that summary judgment be
granted in favor of defendants on all counts, with the exception of Marchant's claims of
violations of his First Amendment right of freedom of religious expression and his rights
under the Religious Land Use and Institutionalized Persons Act (RLUIPA), 42 U.S.C. §
2000cc, *et seq.*  Defendants have now filed a motion for summary judgment on these
remaining claims.  Marchant has not opposed the motion.

BACKGROUND

The following facts, taken from Magistrate Judge Bowler's Report, form the basis
of Marchant's free exercise claims.

In January 2005, plaintiff and a group of other residents at the Treatment Center who identify themselves as Native Americans tried to form a "Native American Circle" to practice their religion. At the time, there was another Native American Circle at the Treatment Center known as the Native American Spiritual Awareness Council ("NASAC"). Plaintiff and the group of residents wishing to form the foregoing second Native American group had "incompatible belief systems" with NASAC. Because of this incompatibility, plaintiff and the other members of his group refuse to share ceremonies, sacred items or space with NASAC.

Plaintiff therefore requested that a second Native American group be established at the Treatment Center [and that this competing group be provided with separate sacral objects]. The Religious Review Committee at the Treatment Center denied the request. The Treatment Center offers Native American religious services on a weekly basis. SDPs may access a ceremonial pipe, a lighter, a smudge shell and a "sage and sweet grass compound." . . . In addition to weekly religious services, SDPs have access to a compact disc player which can play Native American music. Plaintiff and other SDPs can order books encompassing Native American subjects from approved vendors.

Report and Recommendations, June 17, 2009, at 20-21.[1]

<u>DISCUSSION</u>

Magistrate Judge Bowler laid out an exhaustive explanation of the law with regard to RLUIPA and the First Amendment, <u>see</u> <u>id</u>., at 67-74, which this court has adopted as the law governing this case. <u>See</u> Order of September 11, 2009. Briefly stated, RLUIPA prohibits government from imposing a "substantial burden" on the religious exercise of a person "residing in or confined to an institution," unless government demonstrates that the restriction is in furtherance of a "compelling" governmental interest and that the limitation

---

[1]Magistrate Judge Bowler concluded that the record did not reveal a sufficient justification for defendants' denial of permission to create a second Native American Circle. She gave defendants additional time to re-brief the issue and renew their motion for summary judgment as to the free exercise claims. Defendants filed their renewed motion on July 31, 2009.

is the "least restrictive means" of furthering that interest.  42 U.S.C. § 2000cc-1(a).  The

First Amendment, on the other hand, requires only that a restriction be "reasonably related

to legitimate penological interests."  Turner v. Safley, 482 U.S. 78, 89 (1987).

Defendants argue as an initial matter that Marchant has not met his burden of

demonstrating that denial of his request for a second SDP Native American group has

"substantially burden[ed]" his ability to practice his religion.  Defendants note that

Marchant has access to NASAC's weekly corporate worship group and the equinox and

solstice ceremonies held at the Center.  To the extent that Marchant claims that some of

his beliefs are not compatible with those of NASAC, defendants argue that Marchant is

free to worship on his own in his cell.  Defendants contend that the only element of

coercion impacting on Marchant's beliefs stems from his personal unwillingness to

accommodate the beliefs of his co-religionists.

The element of state action is inherent in the substantial burden test.  RLUIPA and

the First Amendment are violated only when *government* limits an inmate's right to worship

according to the dictates of his religious beliefs.  See Thomas v. Review Bd. of Indiana

Employment Sec. Div., 450 U.S. 707, 718 (1981).[2]  "[I]ncidental effects of government

_____

[2]The First Circuit (and by extension the Supreme Court) has yet to offer a
conclusive definition of a "substantial burden."  Other circuits have adopted formulations
of the Thomas standard or the slightly stricter standard suggested in Sherbert v. Verner,
374 U.S. 398, 404 (1963) (a substantial burden exists when an adherent is forced "to
choose between following the precepts of her religion and forfeiting benefits, on the one
hand, and abandoning one of the precepts of her religion in order to accept [a benefit], on
the other hand.").  See Lovelace v. Lee, 472 F.3d 174, 187 (4th Cir. 2006), quoting
Thomas, 450 U.S. at 718 (a substantial burden "occurs when a state or local government,
through act or omission, 'put[s] substantial pressure on an adherent to modify his behavior
and to violate his beliefs.'"); Adkins v. Kaspar, 393 F.3d 559, 570 (5th Cir. 2004) ("[A]
government action or regulation creates a 'substantial burden' on a religious exercise if it

programs, which may make it more difficult to practice certain religions but which have no tendency to coerce individuals into acting contrary to their religious beliefs," do not implicate the substantial burden standard.  Lyng v. Northwest Indian Cemetery Protective Ass'n, 485 U.S. 439, 450 (1988).

For present purposes, the court will assume that Marchant has met his burden of showing that his religious exercise has been "substantially" impacted.[3]  See Spratt v. Rhode Island Dep't of Corrs., 482 F.3d 33, 38 (1st Cir. 2007).   Once an inmate demonstrates a substantial burden, government must show that the disputed policy is the least restrictive means of furthering a compelling State interest.   A compelling State interest must be more than a colorable interest, or an interest serving the convenience of the State.  "Only the gravest abuses, endangering paramount interests, give occasion for permissible limitation . . . ."  Sherbert, 374 U.S. at 406, quoting Thomas v. Collins, 323 U.S. 516, 530 (1945).  "'Context matters' in the application of that standard."  Cutter v. Wilkinson, 544 U.S. 709, 723 (2005), quoting Grutter v. Bollinger, 539 U.S. 306, 327 (2003).

---

truly pressures the adherent to significantly modify his religious behavior and significantly violate his religious beliefs. . . . [A] government action or regulation is significant when it either (1) influences the adherent to act in a way that violates his religious beliefs, or (2) forces the adherent to choose between, on the one hand, enjoying some generally available, non-trivial benefit, and, on the other hand, following his religious beliefs."); Midrash Sephardi, Inc. v. Town of Surfside, 366 F.3d 1214, 1227 (11th Cir. 2004) ("[A] substantial burden can result from pressure that tends to force adherents to forego religious precepts or from pressure that mandates religious conduct.").  In practice, it is not clear that the decisional nuances in defining a substantial burden have any practical significance.

[3]The court acknowledges defendant's argument that it is a very close question.

4

A "least restrictive means" is one that does not sweep "more broadly than necessary to promote the government's interest.  That consideration . . . cannot be done without some evaluation of the alternative measures put in issue by the parties." <u>Casey v. City of Newport</u>, 308 F.3d 106, 114 (1st Cir. 2002).  Although RLUIPA does not "require prison administrators to refute every conceivable option in order to satisfy the least restrictive means prong . . . their rejection [of competing alternatives] should generally be accompanied by some measure of explanation." <u>Spratt</u>, 482 F.3d at 41 n.11 (internal quotations and citations omitted).

As explained in the affidavit of Robert Murphy, the Superintendent of the Center, Marchant's request for a second Native American SDP group was denied because of the alternative availability of NASAC.  Murphy maintains that members of NASAC are expected to worship collectively, and that Marchant has not articulated a sufficient reason as to why he should be an exception.  Murphy states that extra security staff would be required to monitor a splinter group, taking staff from other duties.[4]  Finally, Murphy articulates a concern that recognition of schismatic factions within a common religious grouping could lead to friction and unrest both among group members and members of other groups.

The Supreme Court has noted that Congress had

anticipated that courts would apply [RLUIPA's] standard with "due deference to the experience and expertise of prison and jail administrators in establishing necessary regulations and procedures to maintain good order, security and discipline, consistent with consideration of costs and limited resources."  Joint Statement 16699 (quoting S.Rep. No. 103-111, at 10, U.S.Code Cong. & Admin.News 1993, pp. 1892, 1899, 1900).

---

[4]There are currently two NASAC groups at the Center – one serving SDPs, the other non-SDP inmates.

<u>Cutter</u>, 544 U.S. at 723.   Consistent with this understanding, the court finds that defendants have demonstrated that any burden on Marchant's freedom of worship is justified by a proper concern for the disruption that would likely arise from the attempt to accommodate dissident religious factions and by staffing issues (which raise both security and economic concerns), and to a lesser extent by space and scheduling concerns.[5] Therefore, the motion for summary judgment with regard to the RLUIPA claim will be <u>ALLOWED</u>.  It follows that the motion for summary judgment will also be <u>ALLOWED</u> with respect to Marchant's First Amendment claim.[6]  <u>See</u>, <u>e.g.</u>, <u>Lovelace</u>, 472 F.3d at 199-200 ("[T]he First Amendment affords less protection to inmates' free exercise rights than does RLUIPA.").

ORDER

For the foregoing reasons, defendants' motion for summary judgment is <u>ALLOWED</u>.

---

[5]Defendants further offer the affidavit of Christopher Mitchell, the Department of Correction's Director of Reentry and Program Services, who states that the creation of another Native American religious group compromises space availability and complicates the Center's daily routines.  These are concerns worthy of some consideration, but in a First Amendment - RLUIPA context do not carry the same weight as those advanced by Superintendent Murphy.

[6]The court notes that Marchant has not disputed the factual assertions of Murphy and Mitchell.  The Rules provide that "[i]f the opposing party does not . . . respond, summary judgment should, if appropriate, be entered against that party." Fed. R. Civ. P. 56(e)(2).  <u>See</u> <u>also</u> <u>Jaroma v. Massey</u>, 873 F.2d 17, 21 (1st Cir. 1989) ("[T]he opposing party, by failing to file a written objection and memorandum as required by the rule, waives the right to controvert the facts asserted by the moving party in the motion for summary judgment and the supporting materials accompanying it.").  An unopposed motion for summary judgment is not automatically granted.  It is well-settled that "the court must inquire whether the moving party has met its burden to demonstrate undisputed facts entitling it to summary judgment as a matter of law." <u>López v. Corporación Azucarera de Puerto Rico</u>, 938 F.2d 1510, 1517 (1st Cir. 1991) (citation omitted).  That is the case here.

The Clerk will enter judgment for defendants and close the case.

                    SO ORDERED.

                    /s/ Richard G. Stearns

                    _____
                    UNITED STATES DISTRICT JUDGE